UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80149-CR-MARRA/HOPKINS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

CHRISTOPHER PAUL GEORGE,

      Defendant.
_____/

## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. § 3141 *et seq.*, commonly known as the Bail Reform Act of 1984, hereby ORDERS that Defendant, CHRISTOPHER PAUL GEORGE, be detained pursuant to the provisions of 18 U.S.C. § 3142(f). The Court specifically finds that no condition or combinations of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community, and prevent the Defendant from obstructing justice.

Pursuant to the Government's request for pretrial detention, a hearing was held on October 21, 2010, in West Palm Beach, Florida. Representing the Government was Assistant United States Attorney Lawrence LeVecchio, and representing the Defendant was Fred Haddad, Esq. The Defendant is charged by indictment with

1

possession of three firearms (two shotguns and a pistol) and ammunition by a convicted felon.

In its proffer, the Government stated that it was seeking detention on the grounds of risk of flight, danger to the community, and risk of obstruction of justice.

**A.) The Weight Of The Evidence Against The Defendant And The Nature And Circumstances Of The Offense Charged Pursuant To 18 U.S.C. § 3142(g)(1) and (2).**

The weight of the evidence concerning the possession of the two shotguns is overwhelming. According to the indictment, the Government's proffer, and the testimony of FBI Special Agent Jennifer Turner, the Defendant is the lead target in a fifteen million oxycodone pill mill investigation over a fifteen month period. The Defendant's two clinics and pharmacies were dispensing pills to customers from Tennessee, Kentucky and Ohio with only cursory examinations by doctors also under investigation. There were court authorized wiretaps of the Defendant's cell phone. The Defendant is the target of a racketeering, kidnaping and drug distribution investigation which would carry a maximum penalty of life imprisonment.

On March 3, 2010, the Government executed search and seizure warrants on the pain clinics and the Defendant's residence in Wellington. The agents recovered the pistol from a night table in a bedroom and the two shotguns from the garage.

Neither the Defendant nor his girlfriend were present at the residence initially. The Defendant's girlfriend arrived a short time later. The Government was intercepting the Defendant's cell phone calls during the execution of the warrants. The Defendant told his girlfriend about the shotguns in the garage and told her to take responsibility for those firearms. The Defendant apparently found out from his girlfriend that the agents also seized the pistol from the bedroom. The Defendant subsequently called an associate and told him to take responsibility for the pistol. The girlfriend did attempt to take responsibility for the shotguns. The shotguns had been purchased by a pain clinic manager and given to the Defendant. The Defendant is a previously convicted felon.

On October 5, 2008, the Defendant and his twin brother and two others kidnaped and assaulted Robert Eddy, whom they believed had stolen $500,000 from their pain clinic. They handcuffed the victim and discharged a firearm near his head. They subsequently released the victim and paid him not to reveal the circumstances of the kidnaping. The Defendant subsequently solicited a Government confidential informant (CI) to murder the victim so that he would not testify about the pain clinics.

On December 14, 2009, the Defendant traveled to Jacksonville to confront a rival pain clinic owner and threatened him with violence. The Defendant was initially charged with extortion and was placed on bond with electronic monitoring but the

charges were later dropped. The criminal activity alleged in the Indictment occurred while the Defendant was on bond.

Last week a potential witness against the Defendant was sent a photo of a tattoo of a lynched rat that had recently been tattooed on the Defendant's leg.

$4.5 million was seized from safes in the Defendant's mother's attic. The mother is also a target of the investigation.

The Defendant has also been a telemarketer owner engaged in the business of selling timeshares.

The Defendant has discussed money laundering in Belize with his father.

Immigrations and Customs records reflect that someone traveled using the Defendant's passport (likely either the Defendant or his twin brother) to Panama in November, 2007 and Costa Rica in January 2008.

The Defendant and many of his relatives are targets of the racketeering investigation.

The Government has several photographs of the Defendant possessing firearms.

Much of the $30 million that the Defendant claims to have profited from the pain clinics remains unaccounted for.

The Defendant is facing a likely sentence of at least 41-57 months on the

current indictment.

The Defendant threatened violence against other pain clinic owners.

**B.) The History And Characteristics Of The Defendant Pursuant To 18 U.S.C. § 3142(g)(3).**

According to the Pretrial Services Report, CHRISTOPHER PAUL GEORGE was born in 1980 in West Palm Beach. His parents are divorced. His twin brother resides in Wellington. He is now married to Dianna Marie Pavnick. He has been unemployed since March 2010. His 2009 income was $7 million. He has at least 10 arrests, including for failure to appear, violation of probation, and 2 felony convictions. He apparently has given different dates of birth to authorities.

**C.)   Whether There Are Conditions Of Release That Will Reasonably Assure The Appearance Of The Defendant As Required And The Nature And Seriousness Of The Danger To Any Person Or The Community That Would Be Posed By The Defendant's Release Pursuant To 18 U.S.C. § 3142(g) And The Risk That The Defendant Will Obstruct Justice**.

This Court finds that there is no condition or combination of conditions of release which will reasonably assure the appearance of CHRISTOPHER PAUL GEORGE as required and the safety of any other person and the community, and prevent the Defendant from obstructing justice. Such finding is based on the following factors: (1) the weight of the evidence is overwhelming; (2) the nature of the charges; (3) the potentially lengthy sentence faced by the Defendant on the instant

case, and the potential sentence the Defendant faces on the investigation he is a target of, *see United States v. Oliver*, 683 F. 2d 224, 234 (7th Cir. 1982); (4) the Defendant's criminal history, including felony convictions, failure to appear and violation of probation; (5) the Defendant's access to unaccounted for large amounts of money, possible travel to money laundering and fugitive havens and discussion of money laundering in Belize; (6) the Defendant's criminal acts while on bond; (7) the Defendant's kidnaping actions; (8) the Defendant's witness intimidation, subornation of perjury, witness payments and witness murder solicitation; (9) the potential very lengthy sentence the Defendant faces on the racketeering investigation; and (10) the Defendant's involvement in threats of violence against other pain clinic owners.

The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or prevent the Defendant from obstructing justice.  This Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of CHRISTOPHER PAUL GEORGE as required at future proceedings.  Accordingly, this Court **ORDERS** that CHRISTOPHER PAUL GEORGE be detained on the bases of danger to the community and risk of flight.

**IT IS THEREFORE HEREBY ORDERED** that CHRISTOPHER PAUL GEORGE be committed to the custody of the Attorney General for confinement in

a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Court also directs that CHRISTOPHER PAUL GEORGE be afforded reasonable opportunity for private consultation with counsel, and that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this 22 day of October, 2010, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
  JAMES M. HOPKINS
   UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
U.S. Marshal Service
U.S. Pretrial Services