UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.    10-80149CR-KAM
Magistrate Judge Hopkins

UNITED STATES OF AMERICA,

-vs-

CHRISTOPHER GEORGE,
    Defendant.
_____/

### MOTION TO SUPPRESS ALL CONVERSATIONS CAPTURED ON THIRD WIRETAP [MARCH 2, 2010] PARTICULARLY, FOR THIS MATTER, CONVERSATIONS REGARDING FIREARMS

COMES NOW the Defendant, aforesaid by the undersigned counsel and makes the above Motion and would states as follows:

1.    The Defendant has filed a Motion to Quash Search Warrant and Suppress Evidence directed to the firearms seized from his home as well as later recorded conversations regarding these firearms. This Motion is to detail the factual basis.

2.    The Defendant also has moved to suppress the wiretaps on various grounds.

3.    That while the Defendant suggests the March 2, 2010 wiretap is a product of the "fruits of the poisonous tree" stemming from the original improperly obtained warrant, the conversations garnered from the third warrant must be suppressed, it is submitted, on independent grounds, that is the obviously intentional misrepresentations made within the affidavit for the third wiretap that resulted in

numerous "admission" type conversations being intercepted.

4. The affidavit for wiretap on March 2, 2010, advised Judge Dimitrouleas that the use of search warrants would be premature, and result in a host of troublesome issues for the investigators, and hence the avenue of normal investigative techniques was not available, and an extension of the wiretap was requested.

5. In fact, as noted in the other Motions, search warrants were already obtained the week previous and were executed as the "wire" became active so, it is obvious, that the agents could use the intercepts as a listening device for the reactions of the individuals talking with the Defendant, after the execution of the warrant in hopes to obtain incriminating information.

6. While it may have been a successful investigative technique in what was produced, the method of obtaining the evidence is, it is submitted, the result of blatant misconduct and misrepresentation, such that a *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d. 667 (1978) hearing is mandated for the entirety of the third intercept warrant on this ground alone.

7. The Defendant is singling out this aspect of the affidavit/warrant at this juncture as a major aspect of the Government's case are the conversations captured after the execution of the search warrant.

## ADOPTION OF MEMORANDUM OF LAW

The Defendant has already provided memorandum of law for the several Motions to Suppress herewith which set forth the criteria for the probable cause issuance of search warrants. The Defendant adopts those arguments and urges the Court to suppress all evidence of the March 2, 2010 wiretap on this additional ground.

WHEREFORE the Defendant would request that this Motion be granted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of March, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record listed in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Lawrence D. LaVecchio, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33301

Paul Schwartz, Esq.
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33301

FRED HADDAD, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
Tel:   [954] 467-6767
Fax:   [954] 467-3599

By:___*/Fred Haddad_____
       FRED HADDAD
       Florida Bar No. 180891
       Email: Dee@FredHaddadLaw.com