# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Case Number: 10-80149-CR-MARRA |
| | ) |
| **CHRISTINE CHICO-BLUME** | ) USM No: 97247-004 |
| | ) |
| | ) |
| **Date of Original Judgment:** 1/20/12 | ) |
| **Date of Previous Amended Judgment:** | ) |
| *(Use Date of Last Amended Judgment if any)* | |

### Order Regarding Motion for Sentence Reduction
### Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of the Defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS HEREBY ORDERED** that the Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) [DE 1467] is **DENIED**. Defendant is not eligible for a sentence reduction. Defendant's amended guideline range (offense level of 32, Criminal History Category I - 121-151 months) still exceeds the statutory maximum of 120 months. Thus, the amended guideline does not reduce Defendant's advisory guideline range. Furthermore, Defendant was already sentenced to less than the amended guideline range, and the Court cannot reduce Defendant's sentence any further . USSG § 1B1.10, Application Note 3.

**DONE and ORDERED** in West Palm Beach, Florida, this 14th day of April, 2015.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies provided to:

All counsel