UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80149-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHRISTOPHER GEORGE,

    Defendant.
_____/

**ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISION**

THIS CAUSE is before the Court upon Defendant's Motion for Early Termination of Supervised Release [DE 1637]. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

For the second time, Defendant seeks termination of his supervised release. The Court denied Defendant's prior request with an explanation for its decision. [DE 1630]. Defendant has successfully completed another 6 months of his supervised release and believes termination is now justified. Defendant places significant reliance on the fact that one of Defendant's co-conspirators, Ethan Baumhoff, was granted early termination. [DE 1600]. Defendant asserts he should be given equivalent treatment.

Defendant was convicted of one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d). Defendant was originally sentenced to 210 months of imprisonment and three years of supervised release. [DE 743]. Defendant's sentence was subsequently reduced to 168

1

months of imprisonment based on his having provided substantial assistance under Fed. R. Crim. P. 35. [DE 1344].

Defendant was the leader and organizer of probably the largest illegal "pill mill" operation in the United States. Defendant was responsible for the illegal distribution of over 22 million 30 milligram dosage units of oxycodone which generated over $40 million in revenue. [Defendant's Presentence Investigation Report ("PSI"), ¶ 42]. In addition to Defendant's leadership of the illegal drug operation, he was involved in a telemarketing/time share fraud that generated $310,000.0 of illegal proceeds, kidnapping and extortion. [PSI ¶¶ 39, 40, 41]. Defendant was given a four-level increase under the sentencing guidelines for his leadership role in the offense, and his criminal history category was III. [DE ¶¶ 92, 120].

On the other hand, although Mr. Baumhoff played a significant role in the conspiracy, he worked at the direction of Defendant, had a lesser leadership role in the offense and was responsible for approximately 4 million less dosage units than Defendant. [Baumhoff PSI, ¶¶ 75, 79.] Furthermore, Mr. Baumhoff was not involved in other criminal activity and had zero criminal history points. [Baumhoff PSI, ¶¶ 88].

In view of the seriousness of the offense of conviction, Defendant's leadership role, criminal history, involvement in other criminal activity in which co-conspirator Baumhoff was not involved, and considering the statutory factors under 18 U.S.C. § 3553, the Court finds that the interests of justice will not be served by early termination of Defendant's supervised release. Mere compliance with the conditions of supervised release is insufficient to justify termination of the supervision imposed by the Court at the time of sentencing and the Court finds that Defendant is not similarly situated to his co-conspirator Ethan Baumhoff. As a result,

Defendant's Motion is DENIED.

DONE AND ORDERED in West Palm Beach, Florida this 26th day of March, 2024.

KENNETH A. MARRA
United States District Judge

Copies provided to:

All counsel